# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  TESTOSTERONE REPLACEMENT | ) | |
| THERAPY PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | Case No. 1:14-cv-1748 |
| | ) | MDL No. 2545 |
| This Document Relates To: | ) | |
| | ) | |
| *Cunningham v. Auxilium Pharmaceuticals, Inc.,* | ) | |
| | ) | |
| Case No. 1:16-cv-01058 | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Andrew K. Solow (*pro hac vice*)
James D. Herschlein (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Phone:  (212) 836-7740
Fax:  (212) 836-6776
Email:  andrew.solow@arnoldporter.com
Email:  james.herschlein@arnoldporter.com

Pamela J. Yates (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Phone:  (213) 243-4178
Fax:  (213) 243-4199
Email:  pamela.yates@arnoldporter.com

*Attorneys for Auxilium Pharmaceuticals, LLC
(f/k/a Auxilium Pharmaceuticals, Inc.)*

64937214

## TABLE OF CONTENTS

**Page**

STATEMENT OF UNDISPUTED FACTS ........................................................................ 3

    A.    ██████████████████████ ........................................ 3

    B.    ████████████████ ............................................................ 4

    C.    ██████████████████ ......................................................... 6

STANDARD OF REVIEW ........................................................................................... 7

ARGUMENT ............................................................................................................... 7

I.      PLAINTIFF CANNOT ESTABLISH THAT ████ WAS THE PRODUCING CAUSE OF ████████████████ ........................................................ 8

II.     PLAINTIFF'S CLAIMS ARE TIME-BARRED ................................................. 9

III.    PLAINTIFF CANNOT ESTABLISH ESSENTIAL ELEMENTS OF HIS FAILURE TO WARN CLAIMS ........................................................................................ 11

    A.    Plaintiff Cannot Establish that Auxilium Provided an Inadequate Warning ........ 11

    B.    Plaintiff Cannot Establish that an Allegedly Adequate Warning Would Have Changed His Physician's Prescribing Decisions ..................................... 12

IV.    TEXAS LAW DOES NOT RECOGNIZE A DESIGN DEFECT CLAIM IN CASES INVOLVING PRESCRIPTION MEDICINES ................................................. 15

V.     PLAINTIFF CANNOT ESTABLISH THAT HIS DOCTORS RELIED ON AUXILIUM'S ALLEGED MISREPRESENTATIONS ................................... 16

VI.    PLAINTIFF FAILED TO PROVIDE PRE-SUIT NOTICE TO AUXILIUM AS REQUIRED TO MAINTAIN HIS BREACH OF WARRANTY CLAIMS ................... 17

VII.   PLAINTIFF CANNOT PREVAIL ON HIS UNJUST ENRICHMENT CLAIM BECAUSE HE HAS ADEQUATE LEGAL REMEDIES ................................. 18

VIII.  PLAINTIFF'S CLAIMS ARE PREEMPTED .................................................. 19

IX.    PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES ........................... 19

CONCLUSION ........................................................................................................ 20

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Acker v. Schering-Plough Corp.*,
No. 1:09-cv-824, 2010 WL 11531177 (E.D. Tex. Sep. 30, 2010)..........................................16

*Ackermann v. Wyeth Pharm.*,
526 F.3d 203 (5th Cir. 2008) ................................................................................... 2, 13, 14

*Bartlett v. Schmidt*,
33 S.W.3d 35 (Tex. App. - Corpus Christi-Edinburgh 2000)...................................16

*BMD Direct Marketing, Inc. v. Peake*,
178 S.W.3d 763 (Tex. 2005).......................................................................................19

*Brockert v. Wyeth Pharm., Inc.*,
287 S.W.3d 760 (Tex. App. - Houston 2009) ..........................................................16

*Centocor, Inc. v. Hamilton*,
372 S.W.3d 140 (Tex. 2012)........................................................................... 12, 13, 17

*Conklin v. Novartis Pharm. Corp.*,
No. 9:11-CV-178, 2012 WL 4127301 (E.D. Tex. Sep. 18, 2012) ..................... 2, 16

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) ...................................................................................................... 8

*Encompass Office Solutions, Inc. v. Connecticut Gen. Life Ins. Co.*,
No. 3:11-CV-02487-L, 2017 WL 3268034 (N.D. Tex. July 31, 2017) .................19

*Ford Motor Co. v. Ledesma*,
242 S.W.3d 32 (Tex. 2007)............................................................................................ 8

*Gerber v. Hoffman-La Roche Inc.*,
392 F. Supp. 2d 907 (S.D. Tex. 2005)......................................................................12

*Guilbeau v. Pfizer Inc.*,
__ F.3d __, 2018 WL 476343 (7th Cir. 2018) ...........................................................11

*Hackett v. G.D. Searle & Co.*,
246 F. Supp. 2d 591 (W.D. Tex. 2002) ............................................................... 2, 16

*Holland v. Hoffman La-Roche, Inc.*,
No. 3-06-CV-1298-BD, 2007 WL 4042757 (N.D. Tex. Nov. 15, 2007) ...............15

64937214

*In re Androgel Prods. Liab. Litig.*,
  24 F. Supp. 3d 1378 (J.P.M.L. 2014) ...................................................................... 11

*In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*,
  No. 4:13-cv-229, 2016 WL 4611572 (M.D. Ga. Sep. 2, 2016) ............................... 14

*In re Testosterone Replacement Therapy Prods. Liab. Litig.*,
  No. 14 C 1748, 2017 WL 1836435 (N.D. Ill. May 8, 2017 ) .................................. 16

*In re Testosterone Replacement Therapy Prods. Liab. Litig.*,
  No. 14 C 1748, 2017 WL 4772759 (N.D. Ill. Oct. 23, 2017).................................... 7

*In re Trasylol Prods. Liab. Litig.*,
  No. 9:09-cv-82050-DMM, 2012 WL 1662151 (S.D. Fla. May 9, 2012)................... 10

*In re Vioxx Prods. Liab. Litig.*,
  MDL No. 1657, 2007 WL 3334339 (E.D. La. Nov. 8, 2007) ................................... 10

*Johnson & Johnson v. Batiste*,
  No. 05-14-00864-CV, 2015 WL 6751063 (Tex. App. - Dallas Nov. 5, 2015)........... 8

*Kirkbride v. Lisbon Contractors, Inc.*,
  555 A.2d 800 (Pa. 1989)......................................................................................... 19

*Mack Trucks, Inc. v. Tamez*,
  206 S.W.3d 572 (Tex. 2006).................................................................................... 8

*McCurdy v. Wyeth*,
  No. A-03-CA-054-SS, 2003 WL 24281174 (W.D. Tex. Feb. 14, 2003) ............ 9, 10

*McKay v. Novartis Pharm. Corp.*,
  751 F.3d 694 (5th Cir. 2014) .............................................................................. 3, 18

*Merck & Co., Inc. v. Garza*,
  347 S.W.3d 256 (Tex. 2011).................................................................................... 8

*Merrell Dow Pharms., Inc. v. Havner*,
  953 S.W.2d 706 (Tex. 1997).................................................................................... 8

*Monsanto Co. v. Altman*,
  153 S.W.3d 491 (Tex. App. - Amarillo 2004) ....................................................... 16

*Morgan v. Medtronic, Inc.*,
  172 F. Supp. 3d 959 (S.D. Tex. 2016)..................................................................... 19

*Porterfield v. Ethicon, Inc.*,
  183 F.3d 464 (5th Cir. 1999) ................................................................................... 9

64937214

*Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*,
    896 S.W.2d 156 (Tex. 1995) ........................................................................................ 8

*Solomon v. Bristol-Myers Squibb*,
    916 F. Supp. 2d 556 (D.N.J. 2013) .......................................................................... 14

*Sw. Ref. Co., Inc. v. Bernal*,
    22 S.W.3d 425 (Tex. 2000) ...................................................................................... 19

*U.S. Tire-Tech, Inc. v. Boeran, B.V.*,
    110 S.W.3d 194 (Tex. App. - Houston 2003) ......................................................... 18

*Ultravision Techs., LLC v. Lamar Advertising Co.*,
    No. 2:16-CV-374-JRG-RSP, 2017 WL 957722 (E.D. Tex. Feb. 21, 2017) ............ 19

*Winters v. Diamond Shamrock Chem. Corp.*
    941 F. Supp. 617 (E.D. Tex. 1996), *aff'd*, 149 F.3d 387 (5th Cir. 1998) ................ 10

## STATUTES

Tex. Bus. & Com. Code § 2.607(c)(1) ........................................................................ 18

Tex. Civ. Prac. & Rem. Code § 16.003(a) ............................................................... 1, 9

## OTHER AUTHORITIES

Federal Rule of Evidence 702 .................................................................................. 1, 8

Restatement (Second) of Torts, § 402A .................................................................... 15

64937214

███████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████ He now contends that ████████████████████████████████████

and he seeks to recover compensatory and punitive damages from Auxilium Pharmaceuticals, LLC (f/k/a Auxilium Pharmaceuticals, Inc.) ("Auxilium"). The Court should grant summary judgment for several reasons, including the following:

First, Plaintiff cannot establish through expert testimony that ████████████████████ ████████████████, which is an essential element of each of his claims under Texas law. ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████. As demonstrated in Auxilium's contemporaneously filed motion, the Court should exclude the opinions of Plaintiff's causation expert as unreliable under Federal Rule of Evidence 702.

Second, Plaintiff's claims are time-barred by Texas's two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). Plaintiff did not commence this action until January 25, 2016—███████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████████████████████████████████████ ███████████████████████████████████████████████████—

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████ Certainly by that time any plaintiff would have knowledge of facts which would cause a reasonable person to exercise due diligence to determine his legal rights.

Third, Plaintiff cannot prevail on his failure to warn claims because he cannot establish that an allegedly "proper warning would have changed the decision of his treating physician, *i.e.*, that but for the inadequate warning, the treating physician would have not used or prescribed the product." *Ackermann v. Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir. 2008) (citations and internal quotation marks omitted) (applying Texas law). ████████████████████████

████████████████████████████████████████████

Fourth, Plaintiff's design defect claims fail because medicines are "unavoidably unsafe" products for which a design defect claim is not available under Texas law. *See Hackett v. G.D. Searle & Co.*, 246 F. Supp. 2d 591, 595 (W.D. Tex. 2002). In addition, even if Texas law recognized a design defect claim in this context, Plaintiff has no evidence of a safer alternative design ████████, which is a necessary element of such a claim. *See Conklin v. Novartis Pharm. Corp.*, No. 9:11-CV-178, 2012 WL 4127301, at *5 (E.D. Tex. Sep. 18, 2012).

Fifth, Plaintiff cannot prevail on his claims for fraud, negligent misrepresentation, or violation of the Texas Deceptive Trade Practices Act ("DTPA") because he cannot establish that his prescribing physicians relied on any alleged misrepresentation from Auxilium.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

2

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

Sixth, and finally, the Court should grant summary judgment on Plaintiff's breach of warranty claims because Plaintiff failed to provide pre-suit notice of the alleged breach to Auxilium, which "'bars recovery on the basis of breach of warranty.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014) (citation omitted) (applying Texas law).

## STATEMENT OF UNDISPUTED FACTS

██     ███████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████

     ████████████████████████████████████████████

██████████████████████████████████████████████████

64937214

4

64937214

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

## STANDARD OF REVIEW

As this Court has explained, "[s]ummary judgment is appropriate if the moving party 'shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, No. 14 C 1748, 2017 WL 4772759, at *6 (N.D. Ill. Oct. 23, 2017) (citation omitted). While "a court 'views the record in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor,'" that "'does not extend to drawing inferences that are supported only by speculation or conjecture.'" *Id.* (citations omitted). Finally, "[w]here an element of a plaintiff's claim must be established by expert testimony, a court may properly grant summary judgment if it determines that the only expert testimony offered to prove that element is inadmissible." *Id.* (citation omitted).

## ARGUMENT

Plaintiff asserts claims for strict liability - design defect, strict liability - failure to warn, negligence, negligent misrepresentation, breach of implied warranty of merchantability, breach

of express warranty, fraud, violation of the DTPA, and unjust enrichment.[2]  Short Form Compl.

¶ 17 (ECF No. 1).  Plaintiff seeks compensatory and punitive damages.  As demonstrated below,

Plaintiff cannot prove essential elements of each of his claims.

## I.     PLAINTIFF CANNOT ESTABLISH THAT █████ WAS THE PRODUCING CAUSE OF █████████████

To prevail on each of his claims, Plaintiff must show that █████ was the producing cause

of ██████.  *Merck & Co., Inc. v. Garza*, 347 S.W.3d 256, 262 (Tex. 2011) (failure to

warn claim); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) ("Producing or

proximate cause is an element of all [Plaintiffs'] claims, which included negligence,

misrepresentation, breach of warranty, and design, manufacturing, and marketing defects.");

*Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995) ("For

DTPA violations, . . . producing cause must be shown").  A "producing cause" means "a

substantial factor in bringing about an injury, and without which the injury would not have

occurred."  *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007).

To satisfy his burden to show that ██████████████████████████,

Plaintiff must prove through expert testimony both general causation ████████████████

██████████ and specific causation ███████████████████████ *Merrell Dow*

*Pharms., Inc. v. Havner*, 953 S.W.2d 706, 714-15 (Tex. 1997); *Johnson & Johnson v. Batiste*,

No. 05-14-00864-CV, 2015 WL 6751063, at *4 (Tex. App. - Dallas Nov. 5, 2015).  As explained

in a contemporaneously filed motion, the testimony of Plaintiff's expert, Dr. Hossein Ardehali,

that ████████████████████ should be excluded under Federal Rule of Evidence 702 and

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).  Absent that testimony, Plaintiff

cannot succeed on any of his claims because he cannot establish that ████████████████

---

[2] Plaintiff also purports to assert a claim for redhibition, which is not recognized outside Louisiana.

████████████████████████ Accordingly, the Court should grant summary judgment for Auxilium on each of Plaintiff's claims.

## II.  PLAINTIFF'S CLAIMS ARE TIME-BARRED

Under Texas law, an action for personal injury must be commenced no more than two years after the day the action accrues.  *See* Tex. Civ. Prac. & Rem. Code § 16.003(a).  ████████ ██████████████████████████████████ He did not commence this action until January 25, 2016—more than four years after his injury and well after this action accrued.

Ordinarily, "[a] cause of action accrues when the legal wrong is completed and the plaintiff is entitled to commence suit, even if the party is unaware of the wrong."  *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999).  However, "Texas courts have adopted a discovery rule that tolls the statute of limitations until the plaintiff discovers, or through the exercise of reasonable care and diligence should have discovered, the nature of the injury."  *Id.* The plaintiff need not have "'actual knowledge of the particulars of a cause of action.'"  *Id.* (citation omitted).  Rather, "the question is whether the plaintiff has 'knowledge of facts which would cause a reasonable person to diligently make inquiry to determine his or her legal rights.'" *Id.* (citation omitted).

For example, in *Porterfield*, the Fifth Circuit held that a plaintiff's claim accrued when she "had knowledge that her physical problems were associated with mesh" even though it was only after later surgery that "the surgeons learned that the mesh had attached itself to her liver." *Id.*  Applying Texas law in *In re Trasylol Prods. Liab. Litig.*, No. 9:09-cv-82050-DMM, 2012 WL 1662151, at *3 (S.D. Fla. May 9, 2012), the court held that plaintiff's claim accrued when there was "extensive media coverage" concerning alleged risks of treatment with a prescription medicine "including major television programs and newspapers, providing coverage of a study . . . published in *The New England Journal of Medicine* . . . ."  *Accord McCurdy v. Wyeth*, No. A-

9

03-CA-054-SS, 2003 WL 24281174, at *4 (W.D. Tex. Feb. 14, 2003) ("Wyeth's evidence indicates a reasonably diligent plaintiff should have learned facts about the risks to fen-phen users of heart valve symptoms . . . ."); *Winters v. Diamond Shamrock Chem. Co.*, 941 F. Supp. 617, 622 (E.D. Tex. 1996) ("A plaintiff is charged with knowledge of information that has been made public through media.").[3]

████████████████████████████████████████

███████████████████████████████  In addition, in November 2013, after the Vigen study conducted at the University of Texas Southwestern and published in the *Journal of the American Medical Association*, there was extensive national and local news coverage in both television and print media reporting on the results of the study and an alleged increased cardiac risk associated with TRT. For example, on November 5 and 10, 2013, CBS Evening News, and CNN, respectively, broadcast stories on the results of the Vigen study, warning of an alleged cardiac risk associated with TRT. Ex. 19. In addition, in early November 2013, each of Fox News, USA Today, the Wall Street Journal, the Washington Post, the Dallas Morning News, and KERA News, another media organization located in Dallas, reported on the Vigen study and the alleged cardiac risk associated with TRT. Ex. 20.

In light of what he learned from the nurse and the extensive news coverage surrounding the Vigen study in November 2013, Plaintiff had knowledge of facts which would cause a reasonable person to exercise due diligence to determine his legal rights. But Plaintiff did not commence this action until January 25, 2016, more than two years after his claims accrued. Accordingly, the Court should grant summary judgment on each of his claims.

---

[3] *Accord In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2007 WL 3334339, at *3 (E.D. La. Nov. 8, 2007) ("Texas's two-year statute of limitations began to run" when "the national and local media coverage of the withdrawal of Vioxx from the market were sufficient to put the plaintiffs on notice of a potential link between [their] alleged injuries and the use of Vioxx").

Plaintiff may argue that, under the "discovery rule," his claims were tolled and did not accrue until January 31, 2014 when FDA issued a public health announcement that it was "investigating the risk of stroke, heart attack, and death in men taking FDA-approved testosterone products." Ex. 21. Surely by that date, at the latest, any Plaintiff, including all similarly situated plaintiffs in the MDL, would have had knowledge of facts that would cause a reasonable person to exercise due diligence to determine his legal rights. But as noted above, the Vigen study received extensive publicity in November 2013. And the case-specific facts set forth above confirm that this Plaintiff was on notice even earlier.[4]

## III.    PLAINTIFF CANNOT ESTABLISH ESSENTIAL ELEMENTS OF HIS FAILURE TO WARN CLAIMS

### A.    Plaintiff Cannot Establish that Auxilium Provided an Inadequate Warning

Under Texas law, "a manufacturer is required to provide an adequate warning . . . if it knows or should know of any potential harm that may result from the use of its product." *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 153–54 (Tex. 2012). Thus, "'[t]he plaintiff must show that the product supplier knew or should have known of the risks at the time of

---

[4] Any argument that Plaintiff's claims, or the claims of any other similarly situated plaintiff in the MDL, did not accrue until the FDA-approved labeling change in May 2015 that added a cardiac risk warning plainly would be meritless. First, as the Seventh Circuit has noted, "[b]y 2014, . . . a sizable number of men treated with testosterone replacement drugs had filed suits against drug-makers alleging that the drugs caused heart attacks, strokes, and other cardiovascular problems." *Guilbeau v. Pfizer Inc.*, __ F.3d __, 2018 WL 476343, at *4 (7th Cir. 2018). Indeed, when this multidistrict litigation was created in June 2014, 45 cases were transferred to this Court and another 81 potentially related cases were pending in federal district courts throughout the country (and still more in state courts). *See In re Androgel Prods. Liab. Litig.*, 24 F. Supp. 3d 1378 (J.P.M.L. 2014). Second, throughout early 2014—contemporaneous with the then-pending litigation—there were many seminars by the plaintiffs' bar regarding TRT litigation, including the American Association of Justice Pharmaceutical and Medical Device Litigation Update Seminar, San Diego, California, Testosterone Therapy: General Liability Theories (Mar. 2014), Mass Torts Made Perfect; In re Testosterone Replacement Therapy Products Liability Litigation (Apr. 2014), and American Association of Justice Hot Topics Trends in Litigation Seminar, Chicago, Illinois; Testosterone Therapy (May 2014). Certainly by January 31, 2014—the date of the FDA's Drug Safety Communication about TRT—any plaintiff should have been on notice of facts which would cause a reasonable person to exercise due diligence to determine his legal rights.

11

marketing.'" *Gerber v. Hoffman-La Roche Inc.*, 392 F. Supp. 2d 907, 915 (S.D. Tex. 2005) (citation omitted).

Plaintiff cannot establish that Auxilium knew or should have known about alleged cardiovascular risks associated with ███████ use prior to ██████████████████. On January 15, 2010, two days after FDA learned that the Testosterone in Older Men trial had been stopped prematurely due to "an excess of cardiovascular events," FDA opened a Tracked Safety Issue ("TSI") "to provide a comprehensive regulatory history of the potential safety issue." Ex. 22 at 55817; *see also* Ex. 23. On January 3, 2011—███████████████████████████ ██████—FDA closed the TSI and concluded that information regarding an association between cardiovascular risk and TRT medicines did not warrant regulatory action. Ex. 23 at 2. There was no additional information available to Auxilium regarding cardiovascular risks prior to ████████████ later that year. Accordingly, the Court should grant summary judgment on Plaintiff's failure to warn claims.

> **B.  Plaintiff Cannot Establish that an Allegedly Adequate Warning Would Have Changed His Physician's Prescribing Decisions**

Even assuming that Plaintiff could establish that Auxilium had any basis to warn of alleged cardiovascular risks before ████████ labeling was amended to include such a warning in May 2015 (which Plaintiff cannot), he cannot prevail on his failure to warn claims.

Under Texas law, "a prescription drug manufacturer fulfills its duty to warn end users of its product's risks by providing adequate warnings to the intermediaries who prescribe the drug and, once fulfilled, it has no further duty to warn the end users directly." *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 157 (Tex. 2012). Consequently, "'a plaintiff who complains that a prescription drug warning is inadequate must also show that the alleged inadequacy caused her doctor to prescribe the drug for her.'" *Ackermann v. Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir.

64937214

2008) (citation omitted). "Even if the physician is not aware of a risk, the plaintiff must show that a proper warning would have changed the decision of the treating physician, *i.e.*, that but for the inadequate warning, the treating physician would have not used or prescribed the product." *Id.* (citations and internal quotation marks omitted).

For example, in *Centocor*, the Texas Supreme Court held that the plaintiff failed to carry her burden to show that her doctor's prescribing decision would have changed had he been aware of additional reports of a certain serious side effect that a pharmaceutical manufacturer had not disclosed on the labeling of its medicine. As the Court explained, "that [the doctor] would have considered such information, if included in the package insert, does not prove that the presence of such information would have changed his decision to prescribe [the medicine] to [his patient.]" *Centocor*, 372 S.W.3d at 172.

Similarly, in *Ackermann*, the Fifth Circuit affirmed summary judgment for a pharmaceutical manufacturer where the plaintiff's doctor testified that he would have considered the information that the manufacturer allegedly failed to disclose, but it would not have changed his prescribing decision. *Ackermann*, 526 F.3d at 210, 214. Moreover, the Court held that Texas law would not recognize a rebuttable presumption that plaintiff's doctor would "read and heed" an adequate warning because "'in the context of a learned intermediary, [that presumption] means only that the physician would have incorporated the additional risk into his decisional calculus.'" *Id.* at 213; *accord In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, No. 4:13-cv-229, 2016 WL 4611572, at *2–3 (M.D. Ga. Sep. 2, 2016) (granting summary judgment under Texas law because plaintiff could not prove that an allegedly inadequate warning accompanying a medical device was the producing cause of her injury where plaintiff's implanting physician "died before he could testify in this action"); *Solomon v. Bristol-Myers*

13

64937214

*Squibb*, 916 F. Supp. 2d 556, 570 (D.N.J. 2013) (granting summary judgment for pharmaceutical

manufacturer under Texas law where "Plaintiff has produced no evidence—testimonial or

otherwise—to suggest that a different warning would have led these doctors to alter their

treatment for Plaintiff").

     Plaintiff cannot carry his burden to show that his doctors' decisions to prescribe █████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████

      ██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

    █    ███████████████████████████████████████████

    ███████████████████████████████████████████

    ███████████

    █    ████

. . .

    █    █████████████████████████████████████

    █████████████████████████████

    █    ███████████████████

    █    █████████████████████████████████████

    █████████████

    █    █████████████

■      ████████████████████████████

████████████████████████████████

■      ████████████

████████████████

## IV. TEXAS LAW DOES NOT RECOGNIZE A DESIGN DEFECT CLAIM IN CASES INVOLVING PRESCRIPTION MEDICINES

The Court should grant summary judgment on Plaintiff's design defect claims (whether based on strict liability or negligence) for two reasons. First, Texas law does not recognize a design defect claim. Second, even if Texas law did recognize the claim, Plaintiff has not submitted any evidence to show there is a safer alternative design ███████, which is a necessary element of his design defect claim.

Texas has adopted comment k to section 402A of the Restatement (Second) of Torts. Applying comment k under Texas law, courts have held that "[p]rescription drugs are not susceptible to a design defect claim where, as here, the drug is 'accompanied by proper directions and warning.'" *Holland v. Hoffman La-Roche, Inc.*, No. 3-06-CV-1298-BD, 2007 WL 4042757, at *3 (N.D. Tex. Nov. 15, 2007) (citation omitted); *accord Acker v. Schering-Plough Corp.*, No. 1:09-cv-824, 2010 WL 11531177, at *4 (E.D. Tex. Sep. 30, 2010) (same); *Hackett v. G.D. Searle & Co.*, 246 F. Supp. 2d 591, 595 (W.D. Tex. 2002) (same). As the *Hackett* court explained, "[t]o allow plaintiffs to sue for defective design of prescription drugs would provide a disincentive to companies to develop new drugs and would allow juries to second-guess the FDA's approval of the drugs for marketing." *Hackett*, 246 F. Supp. 2d at 595.

Even if Texas recognized a design defect claim, however, the Court still should grant summary judgment on that claim. To recover under a design defect theory, a plaintiff must prove that there is a safer alternative design. *Brockert v. Wyeth Pharm., Inc.*, 287 S.W.3d 760, 769 (Tex. App. - Houston 2009); *see also Conklin v. Novartis Pharm. Corp.*, No. 9:11-CV-178,

2012 WL 4127301, at *4 (E.D. Tex. Sep. 18, 2012) (same); *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, No. 14 C 1748, 2017 WL 1836435, at *20 (N.D. Ill. May 8, 2017 ) (granting summary judgment where "plaintiffs cite no case law which supports their theory that they can bring a negligent design defect claim without demonstrating the existence of a feasible alternative design").  Plaintiff has failed to submit any evidence that there is a safer alternative design █████████

## V.   PLAINTIFF CANNOT ESTABLISH THAT HIS DOCTORS RELIED ON AUXILIUM'S ALLEGED MISREPRESENTATIONS

Reliance is an essential element of Plaintiff's claims for fraud and negligent misrepresentation. *Bartlett v. Schmidt*, 33 S.W.3d 35, 37 (Tex. App. - Corpus Christi-Edinburgh 2000).  In addition, although "a consumer is not required to prove reliance as an element to recover under the DTPA, . . . reliance is a factor to consider in deciding whether the defendant's conduct was a producing cause of damages to the consumer." *Monsanto Co. v. Altman*, 153 S.W.3d 491, 495 (Tex. App. - Amarillo 2004).  Because the learned intermediary doctrine applies to all of Plaintiff's claims, *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 168–69 (Tex. 2012), to recover on his claims for fraud, negligent misrepresentation, and violation of the DTPA, Plaintiff must establish that his physicians relied on Auxilium's alleged misrepresentations in prescribing ████████ for him.  Plaintiff cannot satisfy his burden.



And even if, contrary to law, Mr. Cunningham's reliance were at issue, he cannot prevail on his claims for fraud, negligent misrepresentation, or under the DTPA. ████████████████████████████████ ████████████████████████████████████████████████████

████ Accordingly, the Court should grant summary judgment on Plaintiff's claims for fraud, negligent misrepresentation, and violation of the DTPA.

## VI. PLAINTIFF FAILED TO PROVIDE PRE-SUIT NOTICE TO AUXILIUM AS REQUIRED TO MAINTAIN HIS BREACH OF WARRANTY CLAIMS

"To recover on a breach of warranty claim in Texas, 'the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014)

(quoting Tex. Bus. & Com. Code § 2.607(c)(1)).  "The burden of 'alleging and proving proper notice' is on the buyer, and '[f]ailure to notify the seller of the breach, thereby allowing the seller an opportunity to cure, bars recovery on the basis of breach of warranty.'"  *Id.* (citations omitted).  A plaintiff must provide pre-suit notice to both immediate and remote sellers against which he asserts warranty claims.  *Id.* at 706; *accord U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 202 (Tex. App. - Houston 2003) ("notice to [immediate seller] . . . does not satisfy [plaintiff's] notice requirement toward [the manufacturer]").  The "'commencement of litigation' does not satisfy the notice requirement."  *McKay*, 751 F.3d at 706 (citing *Boeran*, 110 S.W.3d at 201–02).

Applying these principles in *McKay*, the Fifth Circuit affirmed summary judgment on breach of warranty claims against a pharmaceutical manufacturer where the plaintiff failed to provide notice of the alleged breach to the manufacturer before commencing litigation.  *Id.* at 705–07.  Likewise, in *Morgan v. Medtronic, Inc.*, 172 F. Supp. 3d 959, 970 (S.D. Tex. 2016), the court dismissed breach of warranty claims against a medical device manufacturer "[b]ecause [the plaintiff] did not notify [the manufacturer] 'within a reasonable time' of his belief that [the manufacturer] breached any alleged warranty."

There is no evidence that Mr. Cunningham provided pre-suit notice to Auxilium of any alleged breach of warranty.  Accordingly, the Court should grant summary judgment on Plaintiff's claims for breach of express and implied warranty.

## VII.  PLAINTIFF CANNOT PREVAIL ON HIS UNJUST ENRICHMENT CLAIM BECAUSE HE HAS ADEQUATE LEGAL REMEDIES

"Under Texas law, claims or requests for relief under equitable theories like unjust enrichment . . . are generally not available when an adequate legal remedy is available."  *Encompass Office Solutions, Inc. v. Connecticut Gen. Life Ins. Co.*, No. 3:11-CV-02487-L, 2017

64937214

WL 3268034, at *30 (N.D. Tex. July 31, 2017); *accord BMD Direct Mktg., Inc. v. Peake*, 178

S.W.3d 763, 770 (Tex. 2005) ("Like other equitable claims and defenses, an adequate legal

remedy may render equitable claims of unjust enrichment . . . unavailable.").  Mr. Cunningham

has adequate legal remedies, which if successful, would provide the same relief as his unjust

enrichment claim.  *Ultravision Techs., LLC v. Lamar Adver. Co.*, No. 2:16-CV-374-JRG-RSP,

2017 WL 957722, at *9 (E.D. Tex. Feb. 21, 2017) ("an alternative remedy is only adequate if it

offers relief equivalent to that obtainable under a [claim] for unjust enrichment").

## VIII.   PLAINTIFF'S CLAIMS ARE PREEMPTED

For the reasons previously explained and incorporated by reference here, the Court

should grant summary judgment because Plaintiff's claims are preempted by federal law in light

of FDA's rejection of ███████████████████████████  *See* Defendants' Motion and

Memorandum of Law in Support of Motion for Summary Judgment on the Ground that

Plaintiffs' State Law Failure to Warn and Design Defect Claims are Preempted by Federal Law

(*Holtsclaw* ECF No. 38); Defendants' Reply Memorandum of Law in Further Support of Motion

for Summary Judgment on the Ground that Plaintiffs' State Law Failure to Warn and Design

Defect Claims are Preempted by Federal Law (*Holtsclaw* ECF No. 70).

## IX.   PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES

Because Plaintiff cannot establish liability on any of his substantive claims against

Auxilium, he cannot recover punitive damages.  *See Sw. Ref. Co., Inc. v. Bernal*, 22 S.W.3d 425,

432 (Tex. 2000) ("in all punitive damages cases, a jury must return findings on liability and

actual damages issues before it hears any evidence on punitive damages"); *Kirkbride v. Lisbon

Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989) ("Since punitive damages are an element of

damages arising out of the initial cause of action, if that cause of action is dismissed, the punitive

damages which are incident to actual damages cannot stand.").

64937214

## CONCLUSION

For the foregoing reasons, this Court should grant summary judgment on all of Plaintiff's claims.

Dated: February 9, 2018          Respectfully submitted,

                                */s/ Andrew K. Solow*
                                Andrew K. Solow (*pro hac vice*)
                                James D. Herschlein (*pro hac vice*)
                                **ARNOLD & PORTER KAYE SCHOLER LLP**
                                250 West 55th Street
                                New York, NY 10019-9710
                                Phone:  (212) 836-7740
                                Fax:  (212) 836-6776
                                Email:  andrew.solow@arnoldporter.com
                                Email:  james.herschlein@arnoldporter.com

                                Pamela J. Yates (*pro hac vice*)
                                **ARNOLD & PORTER KAYE SCHOLER LLP**
                                777 South Figueroa Street, 44th Floor
                                Los Angeles, CA 90017-5844
                                Phone:  (213) 243-4178
                                Fax:  (213) 243-4199
                                Email:  pamela.yates@arnoldporter.com

                                ***Attorneys for Auxilium Pharmaceuticals, LLC***
                                ***(f/k/a Auxilium Pharmaceuticals, Inc.)***

## CERTIFICATE OF SERVICE

I, Andrew K. Solow, certify that on February 9, 2018, I served a true and correct redacted copy of the foregoing Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment with exhibits on counsel of record by electronic notice through the CM/ECF system of the United States District Court for the Northern District of Illinois, and I served a true and correct unredacted copy of the foregoing with exhibits on counsel of record by email.

Dated: February 9, 2018                         */s/ Andrew K. Solow*_____
                                                Andrew K. Solow (*pro hac vice*)

64937214