**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 <br> Master Docket Case No. 1:14-cv-01748 <br> Honorable Matthew F. Kennelly |
| This document applies to: <br> *Charles Cunningham v. Auxilium Pharmaceuticals, Inc., et al.,* <br> Case No. 1:16-cv-01058 | |

**PLAINTIFF'S MOTION AND MEMORANDUM OF LAW TO EXCLUDE CERTAIN OPINIONS AND PROPOSED TESTIMONY OF DEFENDANT'S EXPERT MICHAEL H. DAVIDSON, M.D.**

Ronald Johnson, Jr.
SCHACHTER, HENDY & JOHNSON PSC
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: rjohnson@pschacter.com

Trent B. Miracle
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2252
Email: tmiracle@simmonsfirm.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: cseeger@seegerweiss.com

Plaintiffs' Co-Lead Counsel *on behalf of* Plaintiffs' Steering Committee

February 9, 2018

i

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................................................ III

INTRODUCTION ............................................................................................................................. 1

MEMORANDUM OF LAW ............................................................................................................... 1

    **I.**    BACKGROUND ................................................................................................... 1

    **II.**   ARGUMENT ....................................................................................................... 5

    **III.**  CONCLUSION .................................................................................................... 7

CERTIFICATE OF SERVICE ............................................................................................................. 9

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ...................................................... 1, 6

*DePuy Orthopaedics, Inc. v. Orthopaedic Hosp.*, No. 3:12-CV-299-JVB-MGG, 2017 U.S. Dist. LEXIS 142750, at *11-12 (N.D. Ind. July 19, 2017) ................................................. 5

*Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997) .............................................................................. 6

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) ................................................................... 7

*Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698 (7th Cir. 2009) .................................................. 7

*Myers v. Ill. Cent. R. R. Co.*, 629 F.3d 639 (7th Cir. 2010) ........................................................... 6

*Nurtrasweet Company v. X-L Engineering Co.,* 227 F.3d 776 (7th Cir. 2000) .............................. 5

*Osterhouse v. Grover*, No. 3:04-cv-93-MJR, 2006 U.S. Dist. LEXIS 50282, at *6 (S.D. Ill. July 20, 2006) .......................................................................................................................... 5

*Porter v. Whitehall Laboratories, Inc.,* 9 F.3d 607 (7th Cir. 1993) ................................................ 7

*Schmaltz v. Norfolk & W. Ry.*, 878 F. Supp. 1119 (N.D. Ill. 1995) ................................................ 7

### Rules

FED. R. CIV. P. 26(a)(2) ................................................................................................................... 5

Fed. R. Evid. 702 ................................................................................................................. 1, 4, 5, 6

## INTRODUCTION

Plaintiff, Charles Cunningham, by and through his undersigned counsel, moves to exclude certain opinions and proposed testimony of defense expert, Michael H. Davidson, M.D., on the basis that certain of his opinions fail to meet the requirements for admissibility pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms*., 509 U.S. 579 (1993). In support of Plaintiff's Motion, Plaintiff files herewith a Memorandum in Support.

For the reasons set forth in the below Memorandum of Law in Support of Plaintiff's Motion to Exclude Partially the Opinions and Proposed Testimony of Defendant's Expert, Michael H. Davidson, M.D., Plaintiff respectfully requests that this Court grant said motion, and any and all other relief that the Court deems just and proper.

## MEMORANDUM OF LAW

Plaintiff, Charles Cunningham, hereby submits this Memorandum of Law in Support of Plaintiff's Motion to Exclude Certain Opinions and Proposed Testimony of Defendant's Expert, Michael H. Davidson, M.D., to wit: remote use of cocaine by Mr. Cunningham.

### I. BACKGROUND

Plaintiff Charles Cunningham's case is one of two cases selected to be the second Auxilium bellwether case that will be tried commencing in April 2018. By way of brief background, Mr. Cunningham was first prescribed Testim 1%, which was manufactured by Defendant Auxilium, in February of 2008. Mr. Cunningham continued to use Testim up through the time of two separate heart attacks that occurred in 2011, which he alleges were caused by his use of Testim. *See* Expert Report of Hossein Ardehali, M.D., Ph.D. ("Ardehali Report") at Appendix B (Attached as Ex. A). Mr. Cunningham's first heart attack occurred on June 2, 2011, and the second, on November 2, 2011. *Id.* at 13. Following his hospitalization for the November 2011 heart attack, Mr. Cunningham

1

suffered severe post-operative bleeding and an exacerbation of heart failure. *Id.*

During Mr. Cunningham's deposition, he testified that when he was approximately 19 years old, he used cocaine. *See* Deposition Transcript of Plaintiff Charles Cunningham ("Cunningham Transcript") at 88: 24-89:4 (Attached as Ex. B). In 2011, at the time of the heart attacks at issue in this case, Mr. Cunningham was 53 years old. *See* Ex. A, Ardehali Report at 6. Thus, over thirty years had elapsed between Mr. Cunningham's use of cocaine, and the two heart attacks that he alleges were caused by his contemporaneous Testim use. However, and despite this significant lapse in time between Mr. Cunningham's remote cocaine use, Defendant's expert, Michael H. Davidson, M.D., testified ***for the first time*** at his deposition that cocaine was a contributing factor in causing Mr. Cunningham's 2011 heart attacks. *See* Deposition Transcript of Michael H. Davidson, M.D. ("Davidson Dep.") at 42: 19-43:5 (Attached as Ex. C).

Dr. Davidson testified to this opinion at his deposition despite the fact that this opinion does not appear within the four corners of his expert report. In fact, Dr. Davidson did not even list cocaine use as a cardiovascular risk factor for either of Mr. Cunningham's heart attacks in any report that he has submitted in this proceeding. Conversely, Dr. Davidson expressly identified each and every ***other*** cardiovascular risk factor that Mr. Cunningham allegedly possessed at the time of his 2011 heart attacks. *See* Expert Report of Michael H. Davidson, M.D. ("Davidson Report") at §V.B.1-8 (Attached as Ex. D). Because Dr. Davidson's expert report is devoid of any opinion concerning the alleged causative role that Mr. Cunningham's remote cocaine use played in causing his 2011 heart attacks, he should be precluded from proffering this surprise opinion at trial.

Further, when permitted the opportunity to expound further on this new opinion that had been articulated for the first time at his deposition, Dr. Davidson was unable to identify any reliable scientific support for his untenable position that Mr. Cunningham's remote cocaine use could be a

2

contributory factor to the two heart attacks he suffered some thirty years later. This is best illustrated by the testimony excerpted below:

> Q. Okay. Do you intend to testify that Mr. Cunningham's history of prior cocaine use was a cause of his MI in July 2011?
>
> A. I think it definitely could have been a contributing factor even though I know it was well -- it was done when he was a teenager, late teenager. The fact that cocaine use in the past does cause scarring in the heart and can cause artery inflammation that could then lead to heart disease progressively later. So, I do believe it could be a contributing factor.

*See* Ex. C, Davidson Dep., at 42: 19-43:5.

When queried further about whether he could point to any scientific literature that supports his opinion that remote cocaine use can contribute to heart attacks thirty or more years after use, Dr. Davidson was unable to identify any literature in support of his opinion. The sole response he provided was a vague reference to the American Heart Association, which he concedes, as set-forth below, supports the general proposition that prior use of cocaine may be a risk factor for heart disease, but not specifically with respect to a 30-year time lapse:

> Q. Okay. Do you have a sense of over what period of time and how much cocaine Mr. Cunningham used?
>
> A. Based on my I think my recollection from his -- from his deposition, it was a short, relatively short period of time when he was like age 19, but it was pretty extensive use at that time but only for a year or so. That's my recollection.
>
> Q. So, for a period of use that far removed from the injury we are talking about here both in 2011, are there any studies that talk about, that you're aware of that you intend to rely on, that talk about that the use over that kind of period of time would impact you some 30, 40 some odd years 21 later?
>
> A: Yeah, I mean it's a – it's in the literature. I think the one reference is the American Heart Association – does actually provide kind of that prior cocaine use is a risk factor for heart disease. So prior use.

3

> Q. Without quantifying how far prior?
>
> A. ***Right, exactly, yes***. (emphasis added)
>
>                 \*\*\*
>
> Q. And you cited something from the AHA I believe?
>
> A. Yes.
>
> Q. Anything else that you're aware of that talks about that?
>
> A. That's the reference I recall.

*See* Ex. C, Davidson Dep. at 43:6-44:4; 45:4-9.

As the testimony makes clear, although Dr. Davidson references the American Heart Association as a source that supports his cocaine-related opinions, he specifically concedes that the reference does not quantify "prior use," and certainly, does not support that remote use can play a role in causing a heart attack thirty-plus years later. Moreover, nothing cited in Dr. Davidson's expert report and/or listed in his reference list addresses an association between heart attack and prior cocaine use. Thus, this vague reference to the American Heart Association does not provide sufficient scientific support for Dr. Davidson's speculative and baseless opinion about the role that Mr. Cunningham's remote cocaine use allegedly played in causing his 2011 heart attacks. Moreover, there has been no supplementation of this expert's report regarding this opinion. Because Dr. Davidson's undisclosed opinion concerning the alleged role that Mr. Cunningham's remote cocaine use over 30 years ago had in causing his 2011 heart attacks is speculative, and without any basis in the medical or scientific literature cited to by this expert, it is respectfully submitted that the opinion is unreliable and, therefore, should be excluded under Fed. R. Evid. 702 and *Daubert*.

## II. ARGUMENT

FED. R. CIV. P. 26(a)(2) states that an expert witness's report "must contain a complete statement of all opinions the witness will express and the basis and reasons for them." *DePuy Orthopaedics, Inc. v. Orthopaedic Hosp.*, No. 3:12-CV-299-JVB-MGG, 2017 U.S. Dist. LEXIS 142750, at *11-12 (N.D. Ind. July 19, 2017). "The terms of the Rule, 'shall' and 'all,' leave no room for waffling." *Osterhouse v. Grover*, No. 3:04-cv-93-MJR, 2006 U.S. Dist. LEXIS 50282, at *6 (S.D. Ill. July 20, 2006). "In *Nurtrasweet Company v. X-L Engineering Co.,* 227 F.3d 776 (7th Cir. 2000), the Circuit Court approved a District Court ruling…that limited an expert's testimony to the opinions outlined in the original expert report as no supplemental report was filed prior to the expert report deadline." *Id.* at *7. In short, the procedural rules require that "all opinions to be expressed must be contained in an expert report." *Id.*

Fed. R. Evid. 702 governs the admissibility of expert testimony. The rule states as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"Under *Daubert*, the district court plays the role of gatekeeper in determining whether proposed expert testimony meets the standards of Rule 702." *In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proceedings*, No. 14 C 1748, 2017 U.S. Dist.

5

LEXIS 69399, at *983 (N.D. Ill. May 8, 2017)(*citing Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).). "The Seventh Circuit has described the district court's gatekeeping role as having three steps: determining (1) whether the witness is qualified, (2) whether the expert's applied methodology is scientifically reliable, and (3) whether the testimony will assist the trier of fact to understand the evidence or determine a fact in issue." *Id*. (*citing Myers v. Ill. Cent. R. R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010).).

With respect to assessing "the reliability of an expert's opinion, '[t]he focus . . . must be solely on principles and methodology, not on the conclusions that they generate.'" *Id.* at 984 (*citing Daubert*, 509 U.S. at 595). However, an expert "must provide some reliable basis for the conclusions he reaches." *Id*. "A court may properly exclude 'opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.'" *Id*. (*citing Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).). "To offer a reliable opinion, an expert must 'employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Id.* (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).). The essence of the reliability analysis is to ensure an expert's proposed scientific testimony is supported by "appropriate validation," and the court must exclude expert testimony that is merely "subjective belief or unsupported speculation." *Schmaltz v. Norfolk & W. Ry.*, 878 F. Supp. 1119, 1121 (N.D. Ill. 1995)(*citing Porter v. Whitehall Laboratories, Inc.,* 9 F.3d 607, 614 (7th Cir. 1993).).

"The proponent of expert testimony bears the burden of establishing, by a preponderance of the evidence, that the testimony satisfies *Daubert*'s standards and is otherwise admissible under the Rules of Evidence." *Id.* at 985 (*citing Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).).

As noted above, Dr. Davidson's opinion and proposed testimony that Mr. Cunningham's remote cocaine use 30-plus years ago contributed to his heart attacks in 2011, was undisclosed in his expert report and is not further supported by his deposition testimony. Moreover, the opinion is both speculative and without basis in the medical or scientific literature referred to by him, and is therefore unreliable and inadmissible under *Daubert* and its progeny. Thus this opinion, as well as any reference to Mr. Cunningham's remote cocaine usage, should be precluded from trial. *See* Ex. D, Davidson Report.[1]

Finally, the opinion testimony objected to should likewise be excluded on the ground that it was not included as an affirmative defense when the defendants had an opportunity to do so in its recently filed pleading. On November 27, 2017, Defendant filed its Notice of Affirmative Defenses of Auxilium Pharmaceuticals, LLC, Pursuant to Case Management Order Nos. 56 and 79 ("Affirmative Defenses")[ECF No. 13]. While other affirmative defenses are contained therein, conspicuously absent is any reference to remote cocaine use. Because Defendant has failed to identify Mr. Cunningham's remote cocaine use as a basis for its comparative fault defense, it is respectfully submitted that Dr. Davidson should be foreclosed from proffering this opinion at trial.

## III. CONCLUSION

For all of the foregoing reasons, and in the interests of justice, it is respectfully requested that this Court grant the Plaintiff's motion to exclude certain opinions and proposed testimony of defense expert, Michael H. Davidson, as set forth above.

Dated: February 9, 2018               Respectfully submitted,

                                      *s/Stephanie O'Connor*
                                      Stephanie O'Connor

---

[1] At the appropriate time, and pursuant to F.R.E. 403, Plaintiff also intends to move *in limine* to preclude comment, reference and/or admission of any evidence of Mr. Cunningham's remote cocaine use.

7

>DOUGLAS & LONDON, P.C.
>59 Maiden Lane, 6th Fl.
>New York, NY 10038
>212-566-7500
>212-566-5601 (fax)
>soconnor@douglasandlondon.com
>
>*Counsel for Plaintiff*
>
>Trent B. Miracle
>SIMMONS HANLY CONROY
>One Court Street
>Alton, IL 62002
>Phone: (618) 259-2222
>Fax: (618) 259-2252
>Email: tmiracle@simmonsfirm.com
>
>Ronald Johnson, Jr.
>SCHACHTER, HENDY & JOHNSON PSC
>909 Wrights Summit Parkway, Suite 210
>Ft. Wright, KY 41011
>Phone: (859) 578-4444
>Fax: (859) 578-4440
>Email: rjohnson@pschacter.com
>
>Christopher A. Seeger
>SEEGER WEISS LLP
>77 Water Street
>New York, NY 10005
>Phone: (212) 584-0700
>Fax: (212) 584-0799
>Email: cseeger@seegerweiss.com
>
>Plaintiffs' Co-Lead Counsel *on behalf of* Plaintiffs' Steering Committee

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2018, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

>	*/s/ Brendan A. Smith*
>	Brendan A. Smith
>	SIMMONS HANLY CONROY
>	One Court Street
>	Alton, IL 62002
>	Phone: (618) 259-2222
>	Fax: (618) 259-2252
>	Email: bsmith@simmonsfirm.com